```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SUNIL P. GEORGE,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     TO SHOW CAUSE
                                        16-CV-4482(JS)(GRB)
KINGS COUNTY HOSPITAL CENTER,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Sunil P. George, pro se
                    56 Kensington Court
                    Hempstead, NY 11550

For Defendant:      No appearance.
```

SEYBERT, District Judge:

       On August 10, 2016, pro se plaintiff Sunil P. George ("Plaintiff") filed another Complaint pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified in 42 U.S.C. §§ 12112-12117, against his former employer, Kings County Hospital Center, ("Defendant" or "the Hospital"), again alleging that Defendant discriminated against him based on his disability. Accompanying the Complaint is an application to proceed in forma pauperis and an application for the appointment of pro bono counsel to represent him in this case.

       Upon review of the declaration in support of Plaintiff's application, the Court grants Plaintiff's request to proceed in forma pauperis. However, for the reasons set forth below, the Complaint is sua sponte dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given the

dismissal of the Complaint, Plaintiff's application for the appointment of pro bono counsel is DENIED AS MOOT.

## BACKGROUND

Plaintiff is no stranger to this Court. This is Plaintiff's third civil action against the Defendant challenging the termination of the Plaintiff's employment with the Defendant.

## THE FIRST COMPLAINT

Plaintiff filed his first in forma pauperis employment discrimination complaint against the Hospital in November 2011 alleging that his former employer violated the ADA by failing to reasonably accommodate his disability.[1] There, Plaintiff claimed his disability was "insanity." (See 2011 Compl. at ¶ 7.) According to the 2011 Complaint, Plaintiff was employed as a pharmacy technician with Defendant from May of 2001 until July 10, 2008, at which time Plaintiff resigned from his employment. Plaintiff's resignation is alleged to have occurred following a disciplinary hearing because Plaintiff stopped reporting to work. Plaintiff claims that his medical condition prevented him from working and that he was improperly denied a medical leave of absence. Plaintiff alleged that a psychiatrist sent a confidential report to the Hospital advising that Plaintiff was incapable of performing his responsibilities, Plaintiff was then notified by his

---

[1] See George v. Kings Cty. Hosp. Ctr., 11-CV-5543, closed on Jan. 7, 2013.

2

union representative to appear for a hearing on July 10, 2008. Plaintiff claims that although he was too sick to participate in the hearing, his father took him anyway and had Plaintiff sign a resignation letter and a stipulation of settlement. (2011 Compl. ¶ 8 and at 5-6.) Plaintiff alleged that he had no idea what he was signing at the time and that he was "totally confused" and not in the "right frame of mind" due to his medical condition and the fact that he was taking Zyprexia, Depakote and Citalopram. (2011 Compl. at 5.)) Accordingly, Plaintiff sought to have the settlement declared null and void due to his "mental unsoundness," and that he be reinstated as a pharmacy technician with Defendant. (2011 Compl. at 6.)

Defendant moved to dismiss Plaintiff's 2011 Complaint, arguing that: (1) Plaintiff's claims were barred by issue preclusion; (2) Plaintiff's claims were time-barred under the ADA; and (3) Plaintiff failed to state a plausible claim for relief. (See 11-CV-5543, Def.'s Br., Docket Entry 12-3, at 8, 10, 12.) Finding that Plaintiff's claims were time-barred under the ADA, the Court dismissed the 2011 Complaint without addressing the Defendant's additional arguments. (See Jan. 3, 2013, Mem. & Order, 11-CV-5543, Docket Entry 17.) Plaintiff then moved for reconsideration of, inter alia, the Court's January 3, 2013 Memorandum and Order (See 11-CV-5543 Docket Entry 20) and filed a Notice of Appeal (See 11-CV-5543 Docket Entry 21).

3

By Memorandum and Order dated May 17, 2013, the Court denied Plaintiff's motion for reconsideration (see May 17, 2013 Mem. & Order, 11-CV-5543, Docket Entry 22) and, by Mandate issued on October 22, 2013, Plaintiff's motion for leave to appeal in forma pauperis was denied and his appeal was dismissed "because it lack[ed] an arguable basis in law or fact" (see 11-CV-5543 Mandate, Docket Entry 23).

THE SECOND COMPLAINT

On September 18, 2014, Plaintiff filed another in forma pauperis complaint against the Hospital, again alleging that the Hospital discriminated against him based on his disability in violation of the ADA.[2] Like his earlier complaint, Plaintiff alleged that his employment with the Hospital was terminated on March 31, 2008. Plaintiff's brief complaint did not include the nature of his claimed disability and alleged the following as the "facts of my case" in its entirety:

> The US Civil Rights Law was violated by my employer.
> During my sick/disability period my employer terminated me.
> Before my termination, my parents had submitted seven sick documents from my doctors and Social Security Disability Award letter to my employer [v]ia FAX, Certified mail, regular and hand delivery. My employer clearly knew that "I am sick." Due to my termination, I lost my employee pension and other benefits. Unemployment benefits and Workmen Compensation

---

[2] See George v. Kings Cty. Hosp. Ctr., 11-CV-5604, closed on February 6, 2015.

4

> benefits were denied to me.
> I don't know how to file the petition in the Court properly. I therefore request the Honorable Court to provide me a free attorney to represent me in the Court to file the petition properly. I am poor person, collecting Social Security Disability pension with Medicare and Medicaid. I cannot afford to hire [an] attorney.

(2014 Compl. ¶ 8.)

By Memorandum and Order dated January 30, 2015, the Court granted Plaintiff's application to proceed in forma pauperis and sua sponte dismissed the 2014 Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's ADA claim against Defendant in the 2014 Complaint was exactly the same as the claim he brought in 2011 and which was dismissed with prejudice on the merits, the Court determined that the ADA claim was precluded by doctrines of res judicata and collateral estoppel. (See Jan. 30, 2015 Mem. & Order, 14-CV-5604, Docket Entry 10, at 6-8.)

In addition, Plaintiff was warned that similar, future complaints will not be tolerated. Plaintiff was apprised that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a):

> If Plaintiff persists in this course of action, the Court will require that Plaintiff first seek leave of Court before submitting such filings. In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may sua sponte dismiss the case with prejudice.

(See Jan. 30, 2015 Mem. & Order, 14-CV-5604, at 9.)

Undeterred, on August 10, 2016, Plaintiff filed his Third Complaint against the Defendant.

### The Third Complaint

Like Plaintiff's earlier complaints, the Third Complaint also seeks to challenge the 2008 termination of Plaintiff's employment at the Hospital under the ADA. Given that Plaintiff seeks to relitigate claims already decided by the Court, see supra at 5, Plaintiff's Third Complaint is again precluded by the doctrines of res judicata and collateral estoppel for the reasons that follow.

### DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as

it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A. Res Judicata and Collateral Estoppel

Notwithstanding the liberal construction afforded to pro se pleadings, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of res judicata and collateral estoppel

7

limit such review.  See Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (res judicata); Johnson v. Watkins, 101 F.3d 792, 794-95 (2d Cir. 1996) (collateral estoppel).

Res judicata prevents a party from re-litigating issues that were or could have been brought in a prior action.  See, e.g., Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205, 2209, 60 L. Ed. 2d 767, 772 (1979).  Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999) (citations and internal quotation marks omitted).  A district court has not only the power but the obligation to dismiss complaints sua sponte on res judicata grounds when the litigation history triggers it.  Salahuddin, 992 F.2d at 449; Krepps v. Reiner, 377 F. App'x 65, 66-67 (2d Cir. 2010) (Courts have the authority to raise res judicata issues sua sponte).

Similarly, "[c]ollateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).  Additionally, the doctrines of res judicata and collateral estoppel apply to pro se litigants.  Austin v. Downs, Rachlin, & Martin

Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002).

Here, as is readily apparent, Plaintiff's ADA claim against Defendant arises out of the same nucleus of facts that he alleged in his first and second federal complaints. In fact, his claim here is exactly the same as the claim he brought in 2011 and 2014 and which was dismissed with prejudice on the merits. See PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 896 (2d Cir. 1983) ("The longstanding rule in this Circuit, however, is that a dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice.") (citations omitted). Because a final judgment on the merits of a case will bar any subsequent litigation by the same parties concerning the transaction out of which the first action arose, Plaintiff's ADA claim cannot proceed. Accordingly, the ADA claim against Defendant is precluded and the Complaint is DISMISSED WITH PREJUDICE to 28 U.S.C. §1915(e)(2)(B)(ii).

III. The All Writs Act

Under the All-Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing

further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous complaints filed are based on the same events); In re Martin- Trigona, 9 F.3d 226, 227–28 (2d Cir. 1993). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Plaintiff's instant action, together with docket numbers 11-CV-5543 and 14-CV-5604, suggest that Plaintiff may file a new action against Defendant claiming violation of the ADA in connection with the termination of his employment. Plaintiff's continued filing of in forma pauperis complaints relating to this issue constitutes an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (citation and internal quotation marks omitted)

10

(brackets omitted).

The Court is especially cognizant of Plaintiff's pro se status and has considered his Complaint in as positive light as possible. Nonetheless, the Court again warns Plaintiff that similar, future complaints will not be tolerated.

Given Plaintiff's litigation history, together with the fact that he has been warned that his continued filing of complaints against Defendant relating to the termination of his employment may lead to the entry of an order barring the acceptance of any future complaint based on such claims without first obtaining leave of Court to do so, the Court now ORDERS PLAINTIFF TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING HIM FROM FILING ANY NEW COMPLAINT RELATING TO THE TERMINATION OF HIS EMPLOYMENT WITH DEFENDANT SHOULD NOT BE ENTERED. Plaintiff is advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from filing any new complaint against Defendant relating to the termination of his employment and the Court will direct the Clerk of the Court to return to Plaintiff, without filing, any such action.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants . . ."), and

should he file another action challenging the termination of his employment with Defendant, it is within the Court's authority to consider imposing sanctions upon him. See FED. R. CIV. P. 11. The Clerk of the Court is DIRECTED to mail a copy of this Order to Show Cause to the Plaintiff at his last known address and to file proof of such service with the Court.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Given the dismissal, Plaintiff's motion for the appointment of pro bono counsel to represent him in this case is DENIED as it is now MOOT.

Plaintiff is ORDERED TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS WHY AN ORDER BARRING HIM FROM FILING ANY NEW COMPLAINT RELATING TO THE TERMINATION OF HIS EMPLOYMENT WITH DEFENDANT SHOULD NOT BE ENTERED. Plaintiff is advised that failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from filing any new complaint against Defendant relating to the termination of his employment and the Court will direct the Clerk of the Court to return to Plaintiff, without filing, any such action. Plaintiff is cautioned that, should he file another action challenging the termination of his employment with Defendant, it is within the

Court's authority to consider imposing sanctions upon him pursuant to Federal Rule of Civil Procedure 11.

The Clerk of the Court is DIRECTED to mail a copy of this Order to Show Cause to Plaintiff at his last known address and to file proof of such service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  29 , 2016
       Central Islip, New York