```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SUNIL P. GEORGE,

                    Plaintiff,

      -against-                         FILING INJUNCTION ORDER
                                        16-CV-4482(JS)(GRB)
KINGS COUNTY HOSPITAL CENTER,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Sunil P. George, pro se
                    56 Kensington Court
                    Hempstead, NY 11550

For Defendant:      No appearance.
```

SEYBERT, District Judge:

      By Memorandum and Order dated November 29, 2016 (the "Order"), the Court granted the application of pro se plaintiff Sunil P. George ("Plaintiff") to proceed in forma pauperis, dismissed the Complaint with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), and denied Plaintiff's application for the appointment of pro bono counsel. (See, Order, Docket Entry 7.) Because Plaintiff had already filed two prior civil actions[1] against his former employer, Kings County Hospital Center, ("Defendant") relating to the same subject matter--the alleged unlawful termination of Plaintiff's employment with Defendant pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as codified in 42 U.S.C. §§ 12112-12117--and each having been

---

[1] See George v. Kings Cty. Hosp. Ctr., 11-CV-5543, closed on Jan. 7, 2013 and George v. Kings Cty. Hosp. Ctr., 11-CV-5604, closed on February 6, 2015.

dismissed, the Court directed Plaintiff to show cause, in writing, within thirty (30) days, why he should not be enjoined from filing any new action relating to this subject matter without first obtaining leave of Court. (Order at 11-12.)

On December 22, 2016, Plaintiff timely filed a nineteen (19) page, unsigned, and unsworn submission entitled "Affidavit" (See, Aff., Docket Entry 8.) Although provided an opportunity to be heard, nothing in Plaintiff's response, even when liberally construed, addresses why he should not be barred from filing any new action against Defendant relating to the termination of his employment without first obtaining permission to file, and, instead appears to seek reconsideration of the dismissal of his Complaint.

I. Reconsideration

Insofar as Plaintiff requests that this Court "reinstat[e] [his] employment lost services from March 31, 2008 to present . . ." (Aff. at 2), such request is liberally construed to seek reconsideration of the Order. Plaintiff's request for reconsideration of the Order is DENIED. Plaintiff points to no matters or controlling decisions that the Court allegedly overlooked nor does he provide any other proper basis for this Court to grant reconsideration. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the

conclusion reached by the Court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Indeed, the Second Circuit instructs that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994). In addition, Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." See LOCAL CIV. R. 6.3. Accordingly, because Plaintiff's submission falls far short of establishing a proper basis for relief from the Order, to the extent Plaintiff seeks reconsideration of the Order, such request is DENIED. See FED. R. CIV. P. 59(e), 60(b) and LOCAL CIV. R. 6.3.

II. Litigation Bar

For the reasons set forth above and in the Order, it is now ORDERED that: (1) Plaintiff is ENJOINED from filing any new action in this Court relating to termination of his employment with Defendant without first seeking leave of Court; (2) the Clerk of the Court is DIRECTED to return to Plaintiff, without filing, any new action relating to the termination of his employment with Defendant if it is received without a separate application seeking leave to file; (3) if Plaintiff seeks leave to file a new complaint and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiff leave to file

3

the new action and it shall be assigned a civil docket number; and (4) if leave to file is denied, Plaintiff's submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered and no further action shall be taken.

Plaintiff is WARNED that the continued submission of frivolous civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. 28 U.S.C. § 1651(a); <u>Malley v. Corp. Counsel of the City of N.Y.</u>, 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on <u>pro se</u> litigant for filing repetitive, frivolous complaints).

Although nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Filing Injunction Order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiff seek leave to appeal <u>in forma pauperis</u>, such status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

## CONCLUSION

To the extent Plaintiff seeks reconsideration of the Order, reconsideration is DENIED. The Court now enters a Filing Injunction ENJOINING Plaintiff from filing any new action in this Court against Defendant relating to the termination of his employment without first seeking leave of Court. The Clerk of the

4

Court is DIRECTED to return to Plaintiff, without filing, any new action relating to the termination of Plaintiff's employment with Defendant if it is received without a separate application seeking leave to file. If Plaintiff seeks leave to file a new complaint and the Court finds that the new action is not subject to this filing injunction, the Court shall grant Plaintiff leave to file the new action and it shall be assigned a civil docket number. If leave to file is denied, Plaintiff's submission shall be filed on the Court's miscellaneous docket and a summary order denying leave to file shall be entered and no further action shall be taken.

Plaintiff is WARNED that the continued submission of frivolous and repetitive civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, should Plaintiff seek leave to appeal in forma pauperis, such status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __7__, 2017
Central Islip, New York